UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: Target Corporation Customer                     MDL No. 14-2522 (PAM/JJK)
Data Security Breach Litigation,

This document relates to all actions.                **PRETRIAL ORDER #1**

The Court will hold an initial case management conference in this matter on

Wednesday, May 14, 2014, at 11:00 am in Courtroom 7D of the Warren E. Burger Federal

Building and U.S. Courthouse, 316 N. Robert St., St. Paul, Minnesota.  All counsel are

expected to appear in person absent prior authorization of the Court.  Attendance at the case

management conference will not waive objections to jurisdiction, venue, or service.

This Order shall govern the practice and procedure in those actions that the Judicial

Panel on Multidistrict Litigation (the "Panel") transferred to this Court in its Orders of April

2, 2014 and April 14, 2014, as well as all related actions originally filed, transferred, or

removed to this Court.  This Order shall also apply to any "tag-along actions" later filed in,

removed to, or transferred to this Court, absent further order.  Finally, this Order will apply

to the shareholder derivative actions recently consolidated under the lead case Kulla v.

Steinhafel, Civ. No. 14-203.  The Court will refer to all such actions as the "Cases."

**GENERAL PROCEDURES**

The Cases are consolidated for pretrial purposes only.  Any tag-along actions later

filed in, removed to, or transferred to this Court will automatically be consolidated with this

action without the necessity of future motions or orders.  This consolidation, however, does

not constitute a determination that the Cases should be consolidated for trial, nor does it have

the effect of making any person or entity a party to any action in which that party has not

been named, served, or added in accordance with the Federal Rules of Civil Procedure.

All time limits for responsive pleadings are suspended and all discovery and motion

practice is stayed until after the entry of a case management/scheduling order.  Any orders,

including protective orders, previously entered by this Court or any transferor district court

or state court before removal shall remain in full force and effect, unless expressly vacated

by subsequent order of this Court.

Any pleading or paper shall be filed electronically according to this district's CM/ECF

Civil Manual For New Users guide, available at http://www.mnd.uscourts.gov/cmecf/

reference_guides.shtml.  The Clerk of court will maintain a master docket case under the

style "In Re: Target Corporation Consumer Data Security Breach Litigation" and the

identification "MDL No. 14-2522."   All papers filed in these actions shall bear the

identification "MDL No. 14-2522."  When a pleading is intended to be applicable to all

actions, this shall be indicated by the words:  "This document relates to all actions" and shall

be filed electronically in No. 14-md-2522.  When a pleading is intended to apply to fewer

than all cases, this Court's civil action number for each individual case to which the

document(s) relate shall appear immediately after the words: "This Document Relates to . . ."

and shall be filed electronically in each member case to which the document(s) applies.

Counsel who appeared in a transferor court before the Panel transferred the matter need not enter an additional appearance before this Court.  Attorneys admitted to practice and in good standing in any United States District Court are admitted pro hac vice in this litigation, and the requirements of Local Rule of Civil Procedure 83.6 are waived. Association of local counsel is not required.  Counsel in a newly filed or transferred action shall complete (1) the Electronic Case Filing System Attorney Registration Form ("Registration Form"), and (2) the Notice of Appearance form available at http://www.mnd.uscourts.gov/FORMS/court_forms.shtml#attorneyforms. Counsel appearing in this action are expected to familiarize themselves with all prior Court orders and proceedings, as well as the Local Rules of the District of Minnesota, and this Court's standing order regarding dispositive motion practice dated August 13, 2012.

All parties shall take reasonable steps to preserve documents and other records (including electronic documents) containing information potentially relevant to the subject matter of this litigation.

**B.    LEAD AND LIAISON COUNSEL**

The Cases the Panel has thus far transferred to this Court are generally grouped into two types:  those brought by consumers, either individually or on behalf of a class of individuals, and those brought by financial institutions such as banks, either individually or on behalf of a class of institutions.[1]  The Court will refer to these actions respectively as the

---

[1]  The Court is aware of at least one transferred case, Schafer, Kas et al. v. Target Corp., et al., W.D. Wis. Civ. No. 3:14-105, that involves putative classes of both consumers

"Consumer Cases" and the "Bank Cases."  As noted above, also pending in the District of Minnesota are numerous shareholder derivative actions (the "Shareholder Cases") arising out of the same operative facts as the Cases and consolidated in Civ. No. 14-203.  It is the Court's intention to consolidate the Shareholder Cases with the MDL cases for pretrial proceedings as much as practicable, to promote the efficient resolution of all Target customer data security breach litigation.

At the initial case management conference, the Court anticipates appointing lead and liaison counsel for the consolidated litigation as a whole, and also lead and liaison counsel for the Consumer Cases, the Bank Cases, and the Shareholder Cases.  The Court will also consider whether to appoint an Executive Committee and other steering committees for all Cases and/or for the Consumer, Bank, and Shareholder Cases.  It is the Court's intention that counsel appointed to leadership roles in the consolidated litigation as a whole will oversee any counsel appointed to leadership positions in a discrete type of case.

At least one week before the initial conference, counsel for the Plaintiffs and counsel for the Defendants shall, to the extent they have not already done so, confer and seek consensus on recommendations for the leadership structure for this litigation. Recommendations should be submitted to the Court, together with each nominee's resume or curriculum vitae, educational background, licensing status, a short list of relevant experience with cases in similar areas, and a certificate of good standing from the highest

---

and financial institutions. Counsel are encouraged to offer suggestions to the Court as to how to categorize this and any other "mixed" case at the case management conference.

court from the individuals' jurisdiction. Each individual attorney or law firm recommended for a leadership position shall submit for the Court's in camera confidential review a summary of the individual or law firm's hourly billing rates for all individuals likely to participate in the action, such as senior partners, junior partners, senior and junior associates, and paralegals. Recommendations should not be filed with the Clerk of Court, but instead should be submitted directly to the Court, either via U.S. Mail or e-mail.

The appointment of all liaison and lead counsel, as well as the appointment of counsel to any Executive or steering committee, if any, shall be for a term of one year, subject to reappointment by the Court. Further, the Court will expect all counsel involved in the Cases to provide the Court with a confidential ex parte submission of time billed to any of the Cases on a monthly basis during the pendency of the MDL.

C.      **SCHEDULING CONFERENCE AND DISCOVERY PLAN**

At least one week before the case management conference, the parties shall submit a brief outlining their view of (a) the primary facts, allegations, claims, and defenses involved in this litigation, together with any other pertinent legal and factual background; (b) an overview of the procedural status of all potential and actual MDL cases, including (1) the status of discovery to date, and (2) the status of motions, decisions, and other important events in the litigation, if any; (c) the status of any related state-court litigation; and (d) prediction of the number of cases that may become a part of this MDL and the number of related cases that may remain in state courts. These briefs will not be binding, will not waive any claims or defenses, and may not be offered in evidence against a party in later

proceedings.  The parties shall be limited to one submission for Plaintiffs in the Consumer

Cases, one for Plaintiffs in the Bank Cases, one for Plaintiffs in the Shareholder Cases—

unless Plaintiffs can agree to a consolidated submission—and one submission for

Defendants.

At the case management conference, the Court will hear suggestions on the content

and timing for the initial case management order.  The Court therefore invites submission of

proposed draft case management orders, which must be submitted one week before the

hearing.  In addition to the normal deadlines and other issues in a pretrial scheduling order,

see Fed. R. Civ. P. 16, any proposed draft case management order should address the

following:  (a) electronic discovery; (b) whether establishment of a document repository is

necessary, and agreement on a document production format that is search-capable; (c)

stipulations regarding service of process; (d) coordination with state court litigation, if any;

(e) coordination among the different types of cases and whether discovery should proceed

similarly in all types or on different schedules; (f) whether a master complaint or complaints

will or should be filed, and how to deal with class action litigation; and (g) trial dates.

**D.     FUTURE COMMUNICATIONS AND CONFERENCES**

The Court anticipates holding monthly status conferences either in person or via conference call with some or all counsel. To facilitate communications, the parties shall provide the Court at the case management conference a list of all counsel of record, together with their contact information (addresses, work and mobile telephone numbers, fax numbers, and e-mail addresses). These submissions should be in electronic format, such as a Word or WordPerfect document on disk or USB drive.

Unless otherwise ordered by the Court, all substantive communications with the Court shall be in writing, with copies to liaison counsel, when appointed, and before that time to all counsel of record. Liaison counsel shall be responsible for disseminating information to other counsel as appropriate. Communications with the Court and submissions which are not to be filed with the Clerk may be sent to magnuson_chambers@mnd.uscourts.gov. The parties need not provide the Court with hard copies of all documents filed, with the exception of memoranda of law and supporting affidavits. The Court requests two hard copies of memoranda and one hard copy of supporting documents for all motions; tabbed exhibits and electronically searchable documents, when voluminous, are appreciated. Please do not include notices of electronic filing, word-count compliance certificates, or certificates of service in documents provided to the Court.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Clerk of the

Judicial Panel on Multidistrict Litigation and counsel of record.


      **IT IS SO ORDERED.**

Dated: <u>April 14, 2014</u>

<u>s/ Paul A. Magnuson</u>

Paul A. Magnuson
United States District Court Judge